UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

| | |
|---|---|
| BILLY TYLER PHILLIPS,<br><br>Plaintiff,<br><br>vs.<br><br>EDWARD P. ANGEL, Attorney at Angel Law Prof. L.L.C. in official capacity,<br><br>Defendant. | 4:24-CV-04149-KES<br><br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS AND 1915 SCREENING |

Plaintiff, Billy Tyler Phillips, filed a pro se civil rights lawsuit under 42 U.S.C. § 1983 and other federal statutes. Docket 1. He moves for leave to proceed in forma pauperis and submitted his prisoner trust account report. Dockets 3, 4.

**I.    Motion for Leave to Proceed In Forma Pauperis**

At the time Phillips commenced this action and filed his motion for leave to proceed in forma pauperis, he was incarcerated at the Minnehaha County Jail. Docket 1 at 1; Docket 3 at 1. Before this court ruled on Phillips' motion, he was released from custody. *See* Docket 6 (informing the court of Phillips' new address outside of custody). *See also* Offender Search, South Dakota Office of the Attorney General, available at https://savin.sd.gov/portal/Offender/OffenderDetail.aspx?OffenderGuid=df9d4484-b563-ee11-be6e-

001dd8082f2d (last visited May 1, 2025) (listing Phillips' release date as September 25, 2024).

Under the Prison Litigation Reform Act (PLRA), a prisoner who "brings a civil action or files an appeal in forma pauperis . . . shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). But circuit courts are split on whether the PLRA continues to apply after the prisoner is released during litigation. *See Carson v. Tulsa Police Dep't*, 266 F. App'x 763, 766–67 (10th Cir. 2008) (describing split in authority); *see also Domino v. Garland*, 2021 WL 1221188, at *1 n.3 (D. Minn. Apr. 1, 2021).

The Second, Fourth, and Sixth Circuits have held that, under the PLRA, "a prisoner is obligated to pay assessed fees and costs only while he or she remains incarcerated" and "[a]fter release, the obligation to pay the remainder of the fees is to be determined solely on the question of whether the released individual qualifies for pauper status." *In re Prison Litig. Reform Act*, 105 F.3d 1131, 1139 (6th Cir. 1997); *see also McGann v. Comm'r, Soc. Sec. Admin.*, 96 F.3d 28, 29–30 (2d Cir. 1996); *DeBlasio v. Gilmore*, 315 F.3d 396, 397 (4th Cir. 2003). By contrast, the Fifth, Seventh, and D.C. Circuits held, based on the plain language of § 1915(b)(1), that a complainant must pay the full amount of the filing fee if the complainant was a prisoner when the action was commenced. *See Gay v. Tex. Dep't of Corr. State Jail Div.*, 117 F.3d 240, 241–42 (5th Cir. 1997); *Robbins v. Switzer*, 104 F.3d 895, 897–99 (7th Cir. 1997); *In re Smith*, 114 F.3d 1247, 1251 (D.C. Cir. 1997).

The Eighth Circuit has not expressly weighed in on this issue but the court's holding in *Tyler* is instructive. *See In re Tyler*, 110 F.3d 528, 529 (8th Cir. 1997). There, the court denied plaintiff's motion to proceed in forma pauperis and refused to address the merits of the plaintiff's mandamus petition until the requisite financial obligations were met. *Id.* at 529–30. The court explained that because the plaintiff had previously filed three improper actions, he was no longer eligible for a § 1915(b) installment plan. *Id.* at 529; *see also* 28 U.S.C. § 1915(g) (stating that a prisoner is not eligible for a reduced filing fee or an installment payment plan "if the prisoner has, on 3 or more prior occasions . . . brought an action . . . that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim"). As such, the court ordered the plaintiff to pay the filing fee in full, noting that "even if [plaintiff]'s petition is dismissed, [plaintiff] will still be assessed the full filing fee because the PLRA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal." *Tyler*, 110 F.3d at 529–30.

Based on this language, courts within the Eighth Circuit have held that if a prisoner filed the action while in custody, the prisoner remains liable for the filing fee even if they are later released from custody. *See Domino*, 2021 WL 1221188, at *1 n.3 (stating that the "holding in *Tyler* that the fee obligation imposed by § 1915(b)(1) is triggered at the time the action is filed . . . is consistent with the conclusion that a complainant who filed an action when he was a prisoner remains liable for the filing fee if he is subsequently released from custody"); *Counts v. Missouri*, 2025 WL 812276, at *3 (E.D. Mo. Mar. 13,

3

2025) (stating that, in light of the Eighth Circuit's decision in *Tyler*, the 1983 plaintiff was "responsible for the entire [filing] fee because the full fee was assessed against him prior to his release from custody"); *McFee v. Minnesota*, 2012 WL 514708, at *3 nn.5–6 (D. Minn. Jan. 24, 2012), *report and recommendation adopted,* 2012 WL 512611 (D. Minn. Feb. 15, 2012) (recognizing that the plaintiff must pay the filing fee, despite having been released from custody before the court ruled on the motion for in forma pauperis status); *Williams v. Doe #1*, 2006 WL 3804027, at *1 n.1 (E.D. Mo. Nov. 7, 2006) (noting "§ 1915(b)(1) continue[d] to apply" despite litigant's release). *But see Clark v. Wood*, 2021 WL 1873561, at *1 (E.D. Mo. May 10, 2021) (stating that if a plaintiff was released from custody before the court ruled on the in forma pauperis motion, the court will consider the motion under the non-prisoner standard in 28 U.S.C. § 1915(a)(1)). After applying the PLRA and *Tyler* to Phillips, the court finds that because Phillips filed this action while he was in custody, he is liable for the full filing fee. *See* 28 U.S.C. § 1915(b)(1).

Under the PLRA, however, the court may accept partial payment of the initial filing fee where appropriate. Thus, "[w]hen an inmate seeks pauper status, the only issue is whether the inmate pays the entire fee at the initiation of the proceedings or over a period of time under an installment plan." *Henderson v. Norris*, 129 F.3d 481, 483 (8th Cir. 1997) (alteration in original) (quoting *McGore v. Wrigglesworth,* 114 F.3d 601, 604 (6th Cir. 1997)).

4

The initial partial filing fee that accompanies an installment plan is calculated according to 28 U.S.C. § 1915(b)(1), which requires a payment of 20 percent of the greater of

> (A) the average monthly deposits to the prisoner's account; or
> (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.

Phillips' certified prisoner trust account report shows an average monthly deposit of $60.47 and an average monthly balance of $18.10. Docket 4 at 1. After review of Phillips' financial affidavit, Docket 3, and certified prisoner trust account report, Docket 4, the court finds that he has insufficient funds to pay the filing fee. The court also waives Phillips' initial partial filing fee because the initial partial filing fee would be greater than his current balance at the time of his filing the motion. *See* 28 U.S.C. § 1915(b)(4) ("In no event shall a prisoner be prohibited from bringing a civil action . . . for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee.").

In order to pay his filing fee, Phillips must "make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." 28 U.S.C. § 1915(b)(2). The statute places the burden on the prisoner's institution to collect the additional monthly payments and forward them to the court as follows:

> After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

5

*Id.* The installments will be collected pursuant to this procedure. The Clerk of Court will send a copy of this order to the appropriate financial official at Phillips' institution. Phillips remains responsible for the entire $350 filing fee. *See Tyler,* 110 F.3d at 529–30.[1]

## II.   1915 Screening

### A.   Factual Background

According to the complaint, Phillips hired Attorney Edward P. Angel of Angel Law, Prof. L.L.C., to represent him on his criminal charges pending in Lincoln County, South Dakota. Docket 1 at 4–6. During their initial meeting, Angel asked Phillips if he wanted to waive his speedy trial rights. *Id.* at 4. Phillips told Angel to demand that the trial occur as soon as possible and to not waive his speedy trial rights because Phillips was not guilty of five of the six indicted charges and was incarcerated awaiting trial. *Id.*

Angel had very little contact with Phillips for the first three months of the criminal case. *Id.* Angel implied that the prosecution had delayed the trial because they were waiting on DNA test results. *Id.* at 4, 6. Angel stopped answering any of Phillips or his mother's questions. *Id.* at 4.

---

[1] "As a practical matter, because [Phillips] is no longer a prisoner as defined in 28 U.S.C. § 1915(h), the fee payment provisions of § 1915(b)(2) cannot be implemented at this time. Should [Phillips] be a prisoner in the future, § 1915(b)(2) might then become applicable." *Domino,* 2021 WL 1221188, at *2 n.4; *see also McFee,* 2012 WL 514708, at *3 n.6 (stating that because the plaintiff was released, the fee payment provisions under § 1915(b)(2) cannot be utilized, but noting that if the plaintiff ever returns to custody by violating his terms of release or committing a new crime, § 1915(b)(2) will then become applicable).

Phillips later learned that Angel had waived Phillips' right to a speedy trial. *Id.* Angel had signed documents stating that he had "spoken with [his] client [Phillips] about this motion [to waive right to speedy trial], have explained to [his] client the effect of the 180-day waiver, and have obtained [his] client[']s consent to file the motion." *Id.* Without Phillips' knowledge or consent, Angel signed three separate motions to delay, which caused a ten-month delay of Phillips' trial. *Id.* at 4–6. Phillips claims that Angel deceived him and the state court, which caused a deprivation of Phillips' speedy trial right and caused him to be unnecessarily incarcerated for an extensive time. *Id.* at 2, 4–6. Phillips alleges that Angel did not act ethically because he took payments for legal assistance from Phillips and his family yet lied to Phillips and acted differently than instructed. *Id.* at 5–6.

Phillips sues Angel in his official capacity. *Id.* at 2. Phillips claims that Angel violated his rights under 18 U.S.C. §§ 3161 and 3164, D.S.D. Crim. LR 44.1(D), and the Sixth Amendment. *Id.* at 4–6. Because of Angel's actions, Phillips alleges that he was incarcerated for an excessive period of time, and Phillips and his family suffered mental and emotional damage. *Id.* He seeks compensatory and punitive damages between $500 and $2,000 for each day of his incarceration caused by Angel's actions. *Id.* at 7. He also seeks "a full refund of all initial payment made to Angel Law from [Phillips'] mother[.]" *Id.* He requests that his Lincoln County case be dismissed and that he be released from custody on a personal recognizance bond. *Id.*

7

## B. Legal Background

When a district court determines a plaintiff is financially eligible to proceed in forma pauperis under 28 U.S.C. § 1915(a), the court must then determine whether the complaint should be dismissed under 28 U.S.C. § 1915(e)(2)(B). *See Martin-Trigona v. Stewart*, 691 F.2d 856, 857 (8th Cir. 1982) (per curiam); *see also Key v. Does*, 217 F. Supp. 3d 1006, 1007 (E.D. Ark. 2016). The court must dismiss a complaint if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).[2]

A court when screening under § 1915 must assume as true all facts well pleaded in the complaint. *Est. of Rosenberg v. Crandell*, 56 F.3d 35, 36 (8th Cir. 1995). Pro se and civil rights complaints must be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted); *see also Bediako v. Stein Mart, Inc.*, 35 F.3d 835, 839 (8th Cir. 2004) (citation omitted). Even with this construction, "a *pro se* complaint must contain specific facts supporting its conclusions." *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir.

---

[2] Under 28 U.S.C. § 1915A, courts shall review "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Phillips was a prisoner at the time he filed his complaint. 28 U.S.C. § 1915A(c). But because the only defendant is Phillips' defense counsel, who was not a governmental officer or employee, this court screens Phillips' complaint only under 28 U.S.C. § 1915(e). *See Hay v. Evins*, 1999 U.S. App. LEXIS 1675, at *5–7 (6th Cir. Feb. 2, 1999).

1985) (citation omitted); *see also Ellis v City of Minneapolis*, 518 F. App'x 502, 504 (8th Cir. 2013) (per curiam) (citation omitted).

    A district court has the duty to examine a pro se complaint "to determine if the allegations provide for relief on any possible theory." *Williams v. Willits*, 853 F.2d 586, 588 (8th Cir. 1988) (citing *Bramlet v. Wilson*, 495 F.2d 714, 716 (8th Cir. 1974)). A complaint "does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). *Twombly* requires that a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true[.]" *Id.* (citation and footnote omitted); *see also Abdullah v. Minnesota*, 261 F. App'x 926, 927 (8th Cir. 2008) (per curiam) (noting that a "complaint must contain either direct or inferential allegations respecting all material elements necessary to sustain recovery under some viable legal theory" (citing *Twombly*, 550 U.S. at 554–63)). If a complaint does not contain these bare essentials, dismissal is appropriate. *See Beavers v. Lockhart*, 755 F.2d 657, 663–64 (8th Cir. 1985) (citation omitted) (explaining that a district court does not err when it dismisses a claim based on vague allegations or unsupported generalizations).

### C.     Legal Analysis

#### 1.     Claims Under 18 U.S.C. §§ 3161 and 3164

Phillips alleges a claim under "18 USCS. Time Limits and Exclusions[,]" which is codified as 18 U.S.C. § 3161. Docket 1 at 4. He also alleges a claim under 18 U.S.C. § 3164(b).[3] Docket 1 at 6. Sections 3161 and 3164 are part of the federal Speedy Trial Act, and the federal Speedy Trial Act only applies to federal criminal prosecutions. *See Cain v. Petrovsky*, 798 F.2d 1194, 1195 n.2 (8th Cir. 1986) ("[T]he Federal Speedy Trial Act does not apply to state prosecutions."); *United States v. Beede*, 974 F.2d 948, 950–51 (8th Cir. 1992); *United States v. Carlson*, 697 F.2d 231, 235 (8th Cir. 1983) (citing *United States v. Iaquinta*, 674 F.2d 260, 264 (4th Cir. 1982)). Phillips' criminal charges were brought in state court.

Even if the federal Speedy Trial Act applied to state prosecutions, it does not provide a private cause of action. *See Tigano v. United States*, 527 F. Supp. 3d 232, 254 (E.D.N.Y. 2021) ("The federal Speedy Trial Act does not afford a private right of action to aggrieved individuals." (cleaned up) (quoting *Akol v. Carney*, 2020 WL 3034830, at *2 (W.D. Pa. June 5, 2020)); *Partin v. Carpenter*, 2023 U.S. Dist. LEXIS 151287, *8 (E.D. Tenn. June 14, 2023) ("the Speedy

---

[3] Section 3164 states in relevant part:
> The trial of any person described in subsection (a)(1) or (a)(2) of this section shall commence not later than ninety days following the beginning of such continuous detention or designation of high risk by the attorney for the Government. The periods of delay enumerated in section 3161(h) are excluded in computing the time limitation specified in this section.

18 U.S.C. § 3164(b).

10

Trial Act 'does not provide a separate private civil cause of action' ") (quoting *Rockwell v. Adams*, 2014 WL 2779009, at *4 (S.D.W.V. June 19, 2014)), *R&R adopted by* 2023 U.S. Dist. LEXIS 149201 (E.D. Tenn. Aug. 24, 2023). Phillips has not alleged any authority to the contrary. Thus, Phillips has not established that he had a private cause of action for violation of his rights under the Speedy Trial Act. For these reasons, Phillips' claims under 18 U.S.C. §§ 3161 and 3164 are dismissed with prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii).

### 2. D.S.D. Crim. LR 44.1(D)

Phillips alleges a claim under D.S.D. Crim. LR 44.1(D). Docket 1 at 4. Local Rule 44.1(D) includes the oath administered to an applicant for admission to the bar of this court. Phillips' claim against Angel under D.S.D. Crim. LR 44.1(D) fails. This court's "local criminal rules govern all criminal proceedings in the District of South Dakota . . . " D.S.D. Crim. LR 1.1(B). Phillips criminal charges were in state court in Lincoln County, not the federal court in the District of South Dakota. Docket 1 at 4–7. Thus, Phillips' claim under D.S.D. Crim. LR 44.1(D) is dismissed with prejudice for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915(e)(2)(B)(ii).

### 3. Sixth Amendment

Phillips sues Angel under § 1983 for violating his Sixth Amendment rights in his state criminal case. Docket 1 at 1, 5. But a § 1983 claim requires that the defendant act under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Defense counsel in a criminal case generally does not act under color of

11

state law because they serve an adversarial function to the state when representing their client. *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981). Private parties may act under color of law if the private party "is a willful participant in joint action with the State or its agents." *Dennis v. Sparks*, 449 U.S. 24, 27–28 (1980). "[A] plaintiff seeking to hold a private party liable under § 1983 must allege, at the very least, that there was a mutual understanding, or a meeting of the minds, between the private party and the state actor." *Mershon v. Beasley*, 994 F.2d 449, 451 (8th Cir. 1993). A conclusory allegation of conspiracy is insufficient. *Manis v. Sterling*, 862 F.2d 679, 681 (8th Cir. 1988).

    Here, Phillips claims that he "didn't pay and hire a defense counsel to keep [him] incarcerated and assist the prosecution." Docket 1 at 6. Although Phillips alleges that Angel's actions assisted the prosecution, Phillips has not alleged any facts showing that there was a mutual understanding or meeting of the minds between Angel and the prosecution. *See generally id.* Thus, Phillips has not alleged sufficient facts for his § 1983 claim against Angel to survive § 1915(e) screening.[4]

---

[4] Even if Phillips had stated a § 1983 claim, his claim may be barred by *Heck v. Humphrey*, 512 U.S. 477, 481, 486–87 (1994) (recognizing that habeas corpus is the exclusive remedy for a prisoner seeking release from confinement and holding that money damages for an allegedly unconstitutional imprisonment or harm that would render a conviction invalid requires proof that the conviction has been reversed, expunged, declared invalid, or called into question by a writ of habeas corpus (citations omitted)).

12

### 4. Negligence

Phillips also alleges that Angel was negligent and lacked diligence in his representation. Docket 1 at 2. Because negligence is not actionable under § 1983, *Hart v. City of Little Rock*, 432 F.3d 801, 805 (8th Cir. 2005), this court construes Phillips' negligence claim as arising under state law. Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Because Phillips' negligence claim arises under state law, he has not established federal question jurisdiction. *See* 28 U.S.C. § 1331 (District courts have jurisdiction to hear "civil actions arising under the Constitution, laws, or treaties of the United States.").

Diversity jurisdiction exists when the parties are completely diverse, and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). "Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." *OnePoint Sols., LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007) (citation omitted). "[D]iversity of citizenship is assessed at the time the action is filed." *Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428 (1991) (per curiam).

For diversity of citizenship, "the controlling consideration is the domicile of the individual. With respect to the domicile of prisoners, the traditional rule is that a prisoner does not acquire a new domicile when he is incarcerated in a different state; instead, he retains the domicile he had prior to his incarceration." *Jones v. Hadican*, 552 F.2d 249, 250 (8th Cir. 1977) (per curiam) (internal citations omitted). Such presumption may be rebutted by

13

facts showing a prisoner's intent to change his domicile. *Id.* at 251. Here, Phillips was incarcerated in South Dakota at the time the action was filed. Docket 1 at 1. But in his complaint, he states that he "would also like [his] Lincoln County Case dismissed . . . so [he] can go back to Iowa." *Id.* at 7. Phillips does not indicate an intention to change his domicile. Thus, Phillips' complaint could be liberally construed to allege that Iowa is his domicile.[5]

But Phillips has not clearly identified Angel's domicile. Phillips, the party seeking a federal forum, bears the burden of demonstrating that the parties are citizens of different states. *Sheehan v. Gustafson*, 967 F.2d 1214, 1215 (8th Cir. 1992). "Proceeding pro se does not alleviate a litigant of their burden of establishing that the Court maintains the requisite subject matter jurisdiction necessary to adjudicate the litigant's claims." *Menze v. Cnty. of Otter Tail*, 2024 WL 5318981, at *5 (D. Minn. Oct. 29, 2024), *R&R adopted by* 2025 WL 71614 (D. Minn. Jan. 10, 2025); *see also Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004) ("[R]egarding a pro se plaintiff, 'we will not supply additional facts, nor will we construct a legal theory for plaintiff that assumes facts that have not been pleaded.' " (quoting *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989))). Phillips has not alleged in his complaint an address or state of citizenship for Angel. To the extent that Phillips' official capacity claims could be construed as claims against Angel Law, Prof. LLC, "[a]n LLC's citizenship, for purposes of diversity jurisdiction, is the citizenship of each of its members." *OnePoint Sols.,*

---

[5] After the filing of his complaint, Phillips has been released from custody and provided the court with his "permanent address" in Iowa. Docket 6.

14

*LLC*, 486 F.3d at 346 (citing *GMAC Commer. Credit LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004)); *Cunningham & Assocs., PLC v. ARAG, LLC*, 842 F. Supp. 2d 25, 27 n.2 (D.D.C. 2012) ("a professional limited liability company's citizenship is that of its individual members" (citing *Stamper v. Wilson & Associates, P.L.L.C.*, 2010 WL 1408585, at *10 (E.D. Tenn. Mar. 31, 2010))). Phillips has not alleged that all members of Angel Law are completely diverse from him. Thus, Phillips has not shown complete diversity and cannot proceed under diversity of citizenship jurisdiction.

Under 28 U.S.C. § 1367(a), this court has supplemental jurisdiction over all other claims that "form part of the same case or controversy" as the civil action over which this court has original jurisdiction. 28 U.S.C. § 1367(a). But the court may decline to exercise supplemental jurisdiction if it "has dismissed all claims over which it has original jurisdiction[.]" 28 U.S.C. § 1367(c)(3). Because all of Phillips' federal claims have been dismissed, this court declines to exercise supplemental jurisdiction over his state-law claim. Thus, Phillips' state-law claim against Angel is dismissed without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii).

Thus, it is ORDERED:

1. That Phillips' motion for leave to proceed in forma pauperis, Docket 3, is granted.
2. That the Clerk of Court will send a copy of this order to the appropriate financial official at Phillips' former institution.

3. That Phillips' claims under 18 U.S.C. §§ 3161 and 3164 and D.S.D. Crim. LR 44.1(D) are dismissed with prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii).

4. That Phillips' remaining claims are dismissed without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii).

Dated May 6, 2025.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE